## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **RONALD TIMOTHY BURKSTED,** | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | **CRIMINAL ACTION NO. V-04-19-1** |
| | § | **CIVIL ACTION NO. V-05-118** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the Court is Ronald Timothy Burksted's ("Burksted") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 84),[1] wherein Burksted's sole claim is that he was denied effective assistance of counsel based on his counsel's alleged failure to file a notice of appeal upon explicit instructions to do so.

### Factual & Procedural Background

On February 20, 2004, Burksted, along with two co-defendants, was charged in a single-count indictment of knowingly and intentionally possessing with intent to distribute more than fifty (50) kilograms of marihuana in violation of Title 21, U.S.C. §§ 841 (a)(1) and 841(b)(1)(C) and Title 18, U.S.C. § 2. Dkt. No. 1. Reynaldo Pena ("Pena"), a licensed attorney, was appointed to represent Burksted at all relevant court proceedings. Dkt. No. 42; Dkt. No. 93.

On November 20, 2004, Burksted pleaded guilty pursuant to a written plea agreement. Dkt. No. 68. Accordingly, on December 20, 2004, Burksted was sentenced to serve 168 months in federal custody, a term of 3 years supervised release and a special assessment of $100. Dkt. No. 76. Burksted did not appeal his conviction or sentence.

---

[1] Citations in this Order refer to Criminal Action No. V-04-19.

Approximately 6 months after his sentence was imposed, Burksted filed a letter with the Court seeking information as to whether his attorney had filed a notice of appeal in his case. Dkt. No. 82. After learning that no notice of appeal had been filed, Burksted then filed his § 2255 motion. Dkt. No. 84 at 7.

## Discussion

As noted, Burksted's sole claim is that he was denied effective assistance of counsel because he requested that his counsel file an appeal on his behalf and his counsel failed to do so. The Court ordered Pena to file a sworn statement reciting his version of the movant's allegations. Dkt. No. 92. Pena has provided an affidavit bluntly disavowing Burksted's allegation. Dkt. No. 93. Pena's averments wholly contradict Burksted's claim that he asked his attorney to appeal his case.

Pena claims to have informed Burksted that, because of his criminal history, he was facing a potentially significant upward departure from his applicable sentencing guideline range. *Id.* The Court, however, did not apply an upward departure to Burksted's sentence and instead merely administered a sentence within the range. *Id.* Pena avers he informed Burksted he was fortunate not to have received an upward departure and recommended that Burksted not appeal his case. *Id.* Pena further asserts Burksted agreed that filing an appeal was unnecessary. *Id.* Pena concludes his affidavit by simply stating that "[a]t no time did Mr. Burksted request that I file a notice of appeal." *Id.*

In response to Pena's filing, Burksted submitted an affidavit of his own. Dkt. No. 103. Therein Burksted asserts that he and Pena attempted to implement a scheme aimed at postponing his sentencing until the Supreme Court issued a ruling in *United States v. Booker*, 543 U.S. 220 (2005). *Id.* According to Burksted, this scheme included an attempt to fire his attorney and request

a psychiatric evaluation, both of which were denied by the Court. *Id.* Burksted claims that after the attempts at postponing his sentencing failed, he and Pena agreed that Pena would file a notice of appeal. *Id.*

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.*, at 484. Moreover, a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied. *Rodriguez v. United States*, 395 U.S. 327, 330 (1969).

Applying these standards to the instant case, the Court concludes that Burksted is entitled to an evidentiary hearing to determine what communications took place between him and Pena regarding his appeal. The Court simply is unable to determine from the record that Burksted is not entitled to relief, because the issue will turn on the credibility of the parties. Accordingly, an evidentiary hearing will be held to resolve this issue. *See* Rules Governing Section 2255 Proceedings 8.

## Conclusion

For the foregoing reasons, Burksted is entitled to be represented by counsel at the hearing. *See* Rules Governing Section 2255 Motions 8(c). Accordingly, the Court appoints Constance Luedicke to represent Burksted at the evidentiary hearing.

Pena, Burksted's counsel, and counsel for the United States shall be present at the evidentiary hearing. Burksted shall appear by video. The Court will issue a separate order setting forth the logistics of the video conference.

An answer to this lawsuit is not required at this time. If the Court determines, after the evidentiary hearing, that an answer is necessary, an order to answer will be entered.

The Clerk is directed to forward a copy of this order to Pena, Burksted's appointed attorney, Burksted, and counsel for the United States.

An evidentiary hearing is set for September 3, 2008 at 1:30 p.m.

It is so **ORDERED**.

Signed this 15th day of July, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE